**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEAGUE OF WILDERNESS DEFENDERS/BLUE MOUNTAINS BIODIVERSITY PROJECT, an Oregon nonprofit corporation, | No. 13-35054 |
| | D.C. No. 3:10-cv-01397-SI |
| Plaintiff - Appellant, | MEMORANDUM* |
| v. | |
| UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted July 9, 2014
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

Appellant League of Wilderness Defenders/Blue Mountains Biodiversity

Project ("LOWD") appeals the district court's summary judgment ruling granting

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

in part and denying in part the parties' cross-motions for summary judgment on LOWD's claims against the United States Forest Service ("Forest Service") relating to the Forest Service's approval of a project to apply herbicides in the Wallowa-Whitman National Forest (the "Project"). We affirm in part, reverse in part, and remand.

1.      Although the district court granted relief to LOWD on one of its National Environmental Policy Act ("NEPA") claims and remanded that claim to the Forest Service, we conclude that the court's judgment is final under 28 U.S.C. § 1291. The remand order does not require the Forest Service to reconsider any of the issues LOWD raises on appeal. It is therefore "meaningless" as to the relevant appellate issues. In these circumstances, the district court's judgment is final for the purposes of this appeal. *Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1175–76 (9th Cir. 2011). Thus, this court has jurisdiction under § 1291. *Id.*; *see also HonoluluTraffic.com v. Fed. Transit Admin.*, 742 F.3d 1222, 1229 (9th Cir. 2014).

2.      In approving the Project, the Forest Service did not violate the National Forest Management Act ("NFMA") by failing to discuss in the Environmental Impact Statement ("EIS") that the project would be consistent with: (1) the Interim Strategies for Managing Anadromous Fish-producing Watersheds

in Eastern Oregon and Washington, Idaho, and Portions of California ("PACFISH"), and (2) the Inland Native Fish Strategy ("INFISH"). PACFISH and INFISH are strategies for managing riparian habitats and are incorporated into the Forest Plan. The Forest Service's analysis of impacts to riparian habitats contained in the portions of its EIS addressing the Endangered Species Act ("ESA") and setting forth the Project Design Features is sufficient for us to "reasonably . . . ascertain . . . that the Forest Service is in compliance with" PACFISH/INFISH, including the riparian management objectives ("RMOs") and standard RA-3. *Native Ecosystems Council v. U.S. Forest Serv., an agency of U.S. Dep't of Agric.*, 418 F.3d 953, 963 (9th Cir. 2005). We therefore affirm the district court's ruling on LOWD's NFMA claim.

**3.** The Forest Service did, however, violate the NEPA. The Forest Service recognized that the Project might "potentially affect[]" riparian conditions and the potential impact on riparian habitats was identified as a significant issue. Because PACFISH/INFISH provides the approved strategy for managing riparian habitats and the criteria for assessing whether such habitats are adequately maintained, the Forest Service was required, under NEPA, to include an explicit PACFISH/INFISH analysis in its EIS. *See* 40 C.F.R. § 1502.2(d); *Oregon Natural Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1109 (9th Cir. 2010)

3

[hereinafter *ONDA*]. Although the analysis contained in the portions of the EIS discussing the ESA and the Project Design Features addressed issues relevant to the PACFISH/INFISH analysis, the Forest Service never stated in the EIS that it relied upon those discussions to conclude that the Project was consistent with PACFISH/INFISH. Moreover, on appeal, the Forest Service expressly disclaims that it satisfied its obligation to analyze the Project's consistency with PACFISH/INFISH "by proxy" through its discussion of the Project Design Features and ESA analysis, and maintains that it had no duty to perform a "consistency analysis" of the PACFISH/INFISH standards. In *ONDA*, we rejected the Forest Service's argument that its consideration of certain resource values could serve as a proxy for an analysis of wilderness characteristics in part because "the BLM never purported to have developed such a proxy methodology" and had "firmly maintained that . . . it need not address the fate of non-WSA lands with wilderness characteristics at all." *Id.* at 1121. We explained that "courts may not accept . . . *post hoc* rationalizations for agency action." *Id.* at 1120. Here, in light of the EIS, and the Forest Service's position on the need to show consistency with PACFISH/INFISH, we similarly cannot conclude that the Forest Service fulfilled its obligation to analyze PACFISH/INFISH consistency in the EIS as required by NEPA. *See id.* Accordingly, we reverse the district court's summary judgment

4

ruling on LOWD's NEPA claim and remand for further proceedings consistent with this memorandum disposition. The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

FILED

OCT 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*League of Wilderness Defenders v. United States Forest Service*, No. 13-35054

WATFORD, Circuit Judge, concurring in part and dissenting in part:

For the reasons given by the district court, I would affirm in full.